## WOODMAN *v.* PEASE & a.

A stone, brought into a door-yard for the purpose of being placed at the door for a step, but not actually so placed, is a chattel and not a fixture.

TRESPASS, for breaking and entering the plaintiff's close. Plea, the general issue. The action was commenced before a justice of the peace, and in the court of common pleas the parties submitted the following statement of facts:

One Samuel Peabody formerly owned and lived on the farm of which the *locus in quo* is parcel, and built a house upon it, and on the 31st day of March, 1841, conveyed the whole to the plaintiff in fee. Some years before doing so, he procured and brought to the *locus in quo* from a distance of about seven miles, a rough split stone, and placed the same in the door-yard for the purpose of being fitted and used, at some future time, for a door-step. The stone remained where it was placed, till after the conveyance to the plaintiff, and was, after that event, sold by Peabody to the defendant Pease, who, with Newton, his servant, then removed the same, and converted it to his own use.

Peabody remained in possession of the premises long after the conveyance, and until after the act alleged as a

trespass. Judgment to be rendered for the plaintiff for $7, or for the defendant, as the court upon the facts shall order.

*Hall,* for the defendant. The stone was personal property, and did not pass with the freehold. 3 N. H. Rep. 484, *Perkins* v. *Gove.*

"Manure, lying upon the earth, and not incorporated with the soil, is personal property." The English authorities go still further. See 2 East 88, *Penton* v. *Robart;* 3 East 37, *Elwer* v. *Morse;* 9 East 215, *How* v. *Baker.*

Trespass cannot be maintained by the landlord, for entry upon land while in the occupation of a tenant. 8 N. H. Rep. 306, *Robertson* v. *George.*

*Hobbs,* for the plaintiff, cited 21 Pick. 367; 3 N. H. Rep. 503.

WOODS, J. Without deciding upon the force and sufficiency of the objection that has been interposed against the maintenance of an action of trespass *quare clausum fregit* under the circumstances of this case, it may be sufficient to inquire, whether the plaintiff had the right to the possession of the stone, at the time when he commenced his action.

The stone was once the property of Peabody, who quarried it and caused it to be brought from a distance, and left upon his ground, which he afterwards conveyed to the plaintiff. Up to that moment it was a chattel, for it was movable, and wholly severed from the land, and unconnected in any way with the soil, or with the use of the soil.

Did its character become changed by the act of Peabody who deposited it upon the soil? In other words, did it become a fixture? for it is impossible to confound a stone that has been quarried and brought from a distance

and placed upon the soil, with rock or loose fragments of rock, or pebbles or boulders, which, having formed from the beginning a part of the soil, or having been carried upon it through the agency of natural forces, have become a constituent part of the land, and pass with it.

The term, fixture, may embrace other things than such as are denoted by the word in its strict etymological sense; and whatever has been placed upon the soil, or upon a building, for the purpose of being used as a part of the realty, may properly fall under the denomination of a fixture, although not so attached to it that it cannot be severed without disturbing or breaking the soil.

But a chattel that is fit to be annexed to the freehold, and has been brought upon it with an intention on the part of the possessor to annex it, does not become a fixture, unless actually annexed or placed in the position in which it is intended to be used, and in which it is adapted for use.

These principles are so obvious, and admit of illustration so diversified and so familiar, that it is unnecessary to adduce authority or argument to sustain them. Their application to this case is very plain.

The stone was brought into the yard by Peabody, for the purpose of being devoted, at a future time, to the finishing of the house which he had built. He intended to annex it to the house, and to make it a part of it. In that respect it was like bricks, lime, lumber, or other materials to be used in building. So long as they remain unannexed to the house, they continue to be chattels; and assume the character of the realty and become assimilated with the land, by the process, whatever it may be, which prepares them for and places them in their positions, to be used and enjoyed with the structure or with the soil.

This stone was fit to be made a door step. It was carried there for the purpose of being placed where it

Woodman *v.* Pease.

might serve as such, and, by such position and adaptation for use, become parcel of the house itself. But that plan was never executed, and the stone remained a chattel, and did not become a fixture in any sense. It was the property of Peabody until he sold it to the defendant.

By the agreement of the parties there must therefore be

*Judgment for the defendants.*